**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2161
_____

MARK AQUILINA,

Appellant

v.

ATTORNEY GENERAL NEW JERSEY;
ADMINISTRATOR OF NEW JERSEY STATE PRISON

_____

Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-18-cv-01218)
District Judge: Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2020

_____

Before: McKEE, BIBAS, and NYGAARD, *Circuit Judges*.


(Opinion filed: September 9, 2020)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Mark Aquilina appeals the district court's dismissal of his petition for habeas relief under 28 U.S.C. § 2254. Aquilina challenged his judgment of conviction for murder and related offenses based on an alleged involuntary confession. We granted a certificate of appealability for his untimely habeas petition due to his claim of actual innocence. For the reasons that follow, we will affirm the district court.[2]

Aquilina bases his claim of actual innocence on a medical opinion that his confession was coerced, which was appended to his Post-Conviction Relief Act ("PCRA") petition. In *Reeves v. Fayette SCI*,[3] we considered a § 2254 petition seeking relief under the actual innocence exception to procedural default set forth in *Schlup v. Delo*[4] as applied to untimely petitions in *McQuiggin v. Perkins*.[5] We explained in *Reeves* that for an untimely petition to be excused under *Schlup*, "the petitioner must present new, reliable evidence showing it is more likely than not that no reasonable juror would have voted to convict him."[6] The psychiatrist's letter, as noted by the state courts considering Aquilina's PCRA petition, did not speak to whether his confession was false and had no probative value to his factual innocence. Indeed under New Jersey state law, false confession expert testimony is not admissible as to the ultimate question of guilt or

---

[2] The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 2253.
[3] 897 F.3d 154, 157 (3d Cir. 2018).
[4] 513 U.S. 298 (1995).
[5] 569 U.S. 383 (2013).
[6] *Reeves*, 897 F.3d at 157 (citing *Schlup*, 513 U.S. at 324).

innocence.[7]  Thus, even if Aquilina's confession was coerced—an allegation that we do not take lightly—as to the actual innocence inquiry, the record here would still not justify granting relief.

Moreover, although the actual innocence standard "does not require absolute certainty about the petitioner's guilt or innocence," we must bear in mind "all the evidence, old and new," and the evidence presented at trial was nevertheless sufficient to allow a reasonable juror to convict Aquilina.[8]  Accordingly, we are not here presented with the "extraordinary" case of "a petition present[ing] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial . . ."[9]

For the foregoing reasons, we will affirm the district court's dismissal of Aquilina's habeas petition.

---

[7] *State of New Jersey v. Rosales*, 988 A.2d 459, 470 (N.J. 2010) (reiterating the principle that "expert witnesses may testify to a witness's or defendant's mental disorder and the hypothetical effect of that disorder.  Expert witnesses may not, however, render an opinion on the defendant's veracity or reliability of a confession . . . [which] is a matter in the jury's exclusive province") (internal quotation marks and citation omitted); N.J. R. Evid. 702, 703.

[8] *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citation omitted).

[9] *McQuiggin,* 569 U.S. at 393, 401 (internal quotation marks and citation omitted).